Josephine Woodman Wilson and Josephine Woodman Wilson, Trustee, Plaintiffs, v. Anna Woodman Daley, Trustee, Anna Woodman Daley et al., Defendants.

Anna Woodman Daley and Anna Woodman Daley, Trustee, Appellants, v. Josephine Woodman Wilson et al., Appellees.

### Gen. No. 9,732.

Opinion filed March 7, 1951.

Released for publication April 3, 1951.

OMER POOS, of Hillsboro, for appellants.

HEMPHILL & KELSEY, SNELL & SEYFRIT, RINAKER, SMITH & HEBRON, all of Carlinville, and KINDER & DEY, of Litchfield, for certain appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

In 1931, Rejena M. Woodman conveyed certain lands to her daughters, Anna W. Daley and Josephine W. Wilson, in trust for the benefit of the settlor and her five daughters, including the grantees, and the descend-

ants of a deceased son. The deeds creating the trust contained the following provision:

"In trust, however, for the following uses and purposes, to manage and control the same and pay the net income therefrom, after deducting 10% of the gross receipts from the said lands each year as compensation for the management. . . ."

In September 1948, Josephine Woodman Wilson, as trustee, and as an individual, filed a complaint against Anna Woodman Daley, as trustee, and as an individual, praying for an accounting. Answers and replies were filed and an interlocutory decree for an accounting was entered by consent. Thereafter, Anna Woodman Daley, the appellant herein, filed a petition praying for an allowance of expenses and reimbursement for expenditures in which she asked an allowance for automobile travel expense from her home in Gillespie, Illinois, to Carlinville, and to the lands in Macoupin and Montgomery counties which were included in the trust; for the period from March 1931, when the trust was created, to November 28, 1949. She alleged in her said petition that during such period she had driven her automobile more than 125,000 miles on trust business and asked an allowance at the rate of seven cents per mile, amounting to $8,842.03 for such use.

She asked for an allowance also for brief case, desk box, day books, ledgers, letter files, secretarial expense for compiling and making reports, and postage in the amount of $194.40, and for leases, large envelopes, stationery and letter heads and miscellaneous items connected therewith, from 1931 to 1949, a total of $378; for telephone calls $1,661.76 and $91 paid for typing and preparing an accounting. The total amount which the petitioner asked to have allowed to her on account of expenses was $11,167.19.

In addition to the foregoing, appellant, Mrs. Daley asked an allowance in the amount of $2,066.96 for auto-

mobile travel expense in administering the Jessie Woodman Trust, which was created by a separate trust instrument but which contains an identical compensation provision.

Plaintiff moved to dismiss the petition on the ground among others that properly construed and interpreted the trust instruments mean that the 10 per cent therein provided as compensation covers expenses which were incident to the management of the trust lands and included all such expenses as were claimed by the petitioner; that such was the understanding of the settlor and of the trustees and that the petitioner accepted the trust well knowing that the 10 per cent therein provided as compensation for the management of said lands included all expenses incident to such management and such as are now claimed by her and from time to time concurred in paying to herself her share of 10 per cent of the gross receipts of said lands as compensation for services in the management of the same and never made any claim for expenses in addition to the compensation provided in the trust instruments until after the filing of the suit for an accounting.

The court granted the motion to dismiss the petition for want of equity and this appeal followed.

The question involved is whether or not the trustee is entitled to be reimbursed for the expenses of automobile travel, telephone, postage, stationery and clerical assistance incurred by her in administering the trust. The trustee cites numerous Illinois cases to support her proposition that she is entitled to be reimbursed for these expenses. We have examined each of these cases, and in none of the cases cited was the trustee acting under a trust instrument which limited the compensation to be paid for the administration of the trust.

██ The facts and circumstances in this case clearly establish that the settlor intended to limit the amount of money to ·be spent to administer this trust to 10 per

635

cent of the gross receipts, and that it was the settlor's intention that this 10 per cent include the expenses to which the trustee was put, as well as the compensation to be paid the trustee for her services. There is nothing extraordinary about the services for which reimbursement is sought. The services were the use of an automobile and the purchase of day books, ledgers, files and secretarial services, which the settlor must have known would be required in the ordinary administration of the trust, and which we believe the settlor intended to be included in the 10 per cent.

██ Furthermore, it is clear that the trustee did not intend to make a charge for these expenses at the time they were incurred, and did so as an afterthought. The trustee for a period of eighteen years paid over to the beneficiaries under the trust the net income without making any claim or deduction for the use of her car or for the expense of the other items claimed. During all this time the trustee made no effort to collect additional compensation or expenses, as claimed in her petition. These facts and all other facts appearing in the case, show that the trustee intended to and did waive any right she might have had for reimbursement for these expenditures by failing to make any charge therefor for a period of eighteen years, and by making the charge only after she had been sued for an accounting.

The decree of the trial court is affirmed.

*Decree affirmed.*